LEE E. FRANKS, Educational Communications Board
You have requested my opinion as to whether State agencies are required by law to have their long-term lease commitments subject to the availability of funds for the payment of rents.
In State ex rel. Owen vs. Donald (1915), 160 Wis. 21, the court defined debt as all obligations to pay money from funds to be provided, as distinct from money or funds presently available or in the process of collection. Under this definition, a lease that runs for a period of years would seem to constitute debt.
In Loomis vs. Callahan (1928), 196 Wis. 518, the court concluded that a pledge of revenue from a self-amortizing *Page 409 
project [Memorial Union Building] for the future payment of rent did not constitute State debt.
In State ex rel. Thomson vs. Giessel (1955), 271 Wis. 15, the court was concerned with a non-revenue producing project to be construed by the State Building Corporation. The lease between the State and the Building Corporation contained the qualifying language and the court in commenting on this provision held on page 33:
"Since the availability of appropriations is within the sole control of the state, this condition renders the state's rental obligation entirely optional and within its discretion. No legally enforceable obligation results."
Similarly, the court held in State ex rel. LaFollette vs.Reuter (1967), 36 Wis.2d 96, 119:
"This court has held that the constitutional debt provision of art. VIII, sec. 4, is not violated by leasing or rental agreements entered into by the state or a subdivision thereof provided that the contract: (1) Is subject to available appropriations; * * *"
From this authority it can be concluded that a State lease, which provides for the payment of rentals from revenues to be derived from the leased premises, does not create a State debt. Accordingly, such a lease need not contain any qualifying language as to the payment of future rents. However, a State lease on premises from which no revenue can be expected and rentals are anticipated to be paid out of general State funds does create a State debt if the funds out of which the rents are to be paid are not presently available or in the process of collection.
The cited cases were decided prior to our constitutional amendment which has authorized State debt and the question now presented is whether a lease, which creates a State debt, falls within the constitutional provision and the enabling legislation which was enacted pursuant to the constitutional amendment.
Article VIII, sec. 7 (2) (a), Wis. Const., reads:
"(2) Any other provision of this constitution to the contrary notwithstanding: *Page 410 
"(a) The state may contract public debt and pledges to the payment thereof its full faith, credit and taxing power to acquire, construct, develop, extend, enlarge or improve land, waters, property, highways, buildings, equipment or facilities for public purposes."
Subsection (e) of this same provision of the Constitution authorizes the legislature to enact laws prescribing all matters relating to the contracting of public debt. Pursuant to this provision in the Constitution, the legislature created Chapter 18 of the Wisconsin Statutes. Section 18.03 (1) of this chapter reads:
"18.03 State bond board. (1) Subject to the conditions and limitations contained in this chapter, the state bond board shall have supervision over all matters relating to the contracting of public debt and the issuance of evidences of indebtedness therefor."
Additionally, the legislature authorized public debt for certain purposes and in specified amounts in sec.20.866, Stats.
From the language of the Constitution and from the subsequent legislation, it appears that debt has been authorized for capital improvements and there is nothing in these acts which authorize the contracting of public debt incident to the mere rental or temporary use of real estate.
It is my opinion the Wisconsin Constitution does not authorize the contracting of public debt by the execution of a lease. Further, the only State agency that may contract public debt is the State Bond Board, which agency does not have the authority to acquire real estate or interests in real estate.
Finally, it is my understanding that the Department of Administration executes all such leases on behalf of other State agencies, and sec. 16.75 (4), Stats., reads:
"The department of administration may let contracts in excess of funds available * * * any such contract shall state in substance that its continuance beyond the limits of funds already available shall be contingent upon appropriation of the necessary funds." *Page 411 
In conclusion, it is my opinion that any State lease which contemplates the payment of rents from future general State revenues must have the following quoted language or similar language to be valid.
"This lease is subject to the availability of funds for the payment of rentals."
RWW:CAB